UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

UCHECHI AMUNEKE-NZE,

        Petitioner,

-against-

CHARLES EZELL; U.S. OFFICE OF PERSONNEL MANAGMENT,

        Respondents.

25-CV-2854 (LTS)

TRANSFER ORDER

LAURA TAYLOR SWAIN, Chief United States District Judge:

Petitioner Uchechi Amuneke-Nze, who resides in Arlington, Tarrant County, Texas brings this *pro se* emergency action seeking *mandamus* relief under 28 U.S.C. § 1361. Petitioner asks this Court to prevent Defendant U.S. Office of Personnel Management ("OPM") "from issuing or finalizing the draft rule titled 'Suitability and Fitness of the Federal Workforce,' or any materially similar rule, regulation, or internal policy," until Respondents comply with notice and comment requirements. (ECF 1, at 4.) In addition to OPM, Petitioner names as a respondent, Charles Ezell, Acting OPM Director.

For the following reasons, the Court transfers this action, under 28 U.S.C. § 1406(a), to the United States District Court for the District of Columbia.

## DISCUSSION

Claims for *mandamus* relief under Section 1361 must be brought in a United States District Court for

> any judicial district in which (A) a defendant in the action resides, (B) a substantial part of the events or omissions giving rise to the claim occurred, or a substantial part of property that is the subject of the action is situated, or (C) the plaintiff resides if no real property is involved in the action.

28 U.S.C. § 1391(e)(1). Under Section 1391(c), for venue purposes, a "natural person" resides in the judicial district where the person is domiciled, and any other "entity with the capacity to sue and be sued," if a defendant, resides in any judicial district where it is subject to personal jurisdiction with respect to the civil action in question. *See* 28 U.S.C. § 1391(c)(1), (2).

Petitioner names OPM and Acting OPM Director Ezell regarding an Executive Order issued by President Donald J. Trump. From the face of the petition, it appears that neither respondent resides in a county within the Southern District of New York. Thus, this district is not a proper venue for this mandamus action under Section 1391(e)(1)(A). Rather, the District of Columbia is a proper district because OPM is located within that district.

Moreover, because the events giving rise to this mandamus petition did not occur within this district, the Southern District is not a proper venue for this action under Section 1391(e)(1)(B). Rather, the District of Columbia is a proper venue for this petition, as the Executive Order concerns the operation of OPM, which is located in the District of Columbia.

Finally, because this petition does not involve real property, and because Plaintiff resides in Tarrant County, which falls within the Northern District of Texas, *see* 28 U.S.C. § 124, this district is not a proper venue for this action. Rather, the Northern District of Texas is a proper venue for this matter under Section 1391(e)(1)(C).

Under 28 U.S.C. § 1406, if a petitioner files a case in the wrong venue, the Court "shall dismiss, or if it be in the interest of justice, transfer such case to any district or division in which it could have been brought." 28 U.S.C. § 1406(a). As discussed above, this mandamus petition may be heard in the District of Columbia, where OPM is located and the events giving rise to the matter occurred, or the Northern District of Texas, where Petitioner resides. Because Petitioner challenges an Executive Order concerning the operations of OPM, in the interest of justice, the

Court transfers this action to the United States District Court for the District of Columbia, 28 U.S.C. § 1406(a).

## CONCLUSION

The Court directs the Clerk of Court to transfer this action to the United States District Court for the District of Columbia. *See* 28 U.S.C. § 1406(a). Whether Petitioner should be permitted to proceed further without prepayment of fees is a determination to be made by the transferee court. A summons shall not issue from this Court. This order closes this action in this court.

The Court certifies, pursuant to 28 U.S.C § 1915(a)(3), that any appeal from this order would not be taken in good faith and, therefore, *in forma pauperis* status is denied for the purpose of an appeal. *See Coppedge v. United States*, 369 U.S. 438, 444-45 (1962).

SO ORDERED.

Dated:   April 15, 2025
         New York, New York

                                              /s/ Laura Taylor Swain
                                              LAURA TAYLOR SWAIN
                                              Chief United States District Judge